IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lee Ward, | ) | No. 07 C 5562 |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable William J. Hibbler |
| v. | ) | |
| | ) | |
| KFC Corporation d/b/a | ) | |
| Kentucky Fried Chicken, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lee Ward allegedly slipped and fell at a Kentucky Fried Chicken restaurant and has sued KFC for negligence. Both parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the parties' motions for summary judgment are DENIED.

### I.    Factual Background

Lee Ward alleges that on September 4, 2005, he was at a KFC restaurant in Chicago. Ward claims there were no cones or signs in the restaurant warning customers of potentially dangerous conditions. Ward—who was on crutches—alleges he was walking to the counter to purchase some food when he suddenly slipped, fell and landed painfully on his leg. While on the floor, Ward claims that he noticed: (1) the floor was wet and soapy; and (2) a KFC employee was mopping the floors. Ward alleged that a different KFC employee came over to him and asked if he was okay. According to Ward, the

1

employee told him he was not going to write an incident report. Ward left the KFC without eating.

The next day, Ward alleges that he was in excruciating pain from his fall, so he went to the emergency room at Mt. Sinai Hospital. Ward claims he needed corrective surgery because the fall damaged the pins and screws that were already in his leg from a previous injury. Ward now seeks to recover for the damages related to his injuries and his mental anguish.

KFC tells a much different story. First, KFC essentially denies every allegation in Ward's complaint and statement of facts. KFC not only denies that it was negligent, but it also denies that the fall occurred. KFC has produced an affidavit from Julia Allen—the shift manager on duty on the date in question—stating no customer or employee reported seeing someone fall in the restaurant. (Def. Mot. for Summary Judgment, Ex. C) Allen also testified that she did not generate an incident report because no one reported that a fall had occurred. Finally, KFC argues that Ward has no credibility because he has a history of drug abuse and was once convicted for fraud.

## II. Standard of Review

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. Fed. R. Civ. P. 56(c). Once the moving

2

party has met the initial burden, the nonmoving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The nonmoving party must produce specific facts showing there is a genuine issue of material fact, and the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the nonmoving party. *Id.* at 255.

### III. Analysis

This case cannot be adjudicated via summary judgment. Here, the Court is faced with two competing versions of events. Both Ward and KFC have offered equally plausible scenarios. Both Ward and KFC have put forth evidence supporting their claims. Ward has submitted an affidavit—under oath—stating he slipped and fell at a KFC restaurant. KFC has produced an affidavit—under oath—from the shift manager stating that no one slipped and fell on the day in question. Thus, the only way the Court can choose between these competing scenarios is by assessing the honesty of the parties and deciding which story is most credible. Credibility determinations, however, are the exclusive province of the jury. On this matter, the Seventh Circuit has been clear: "At summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder." *Paz v. Wauconda Healthcare & Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (denying summary judgment because there were "significant factual disputes in the record.").

Finally, KFC argues the Court should disregard Ward's claims of sincerity because Ward has a forgery conviction and a history of drug use.[1] To be sure, a reasonable fact finder may find Ward less credible because of his prior history. But it bears repeating, assessments of credibility are inappropriate at the summary judgment stage. Where, as here, there are competing versions of events that create a genuine dispute of fact, the Court must deny summary judgment. *See, e.g., Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03-C9421, 2005 U.S. Dist. LEXIS 30260, *53 (N.D. Ill. Nov. 29, 2005) (denying summary judgment because, "The competing affidavits create disputes that require credibility determinations, which we cannot make at the summary judgment stage."). Accordingly, the parties' cross motions for summary judgment are DENIED.

IT IS SO ORDERED.

2/25/09
Dated

The Honorable William J. Hibbler
United States District Court

---

[1] KFC also argues—in the alternative—that it is entitled to summary judgment because the alleged puddle of water would have been large enough to create an open and obvious hazard. But, Ward claims he did not see the water because he was only a few steps into restaurant and did not have an opportunity to observe the conditions of the floor before slipping. This is a disputed issue of fact for the jury to sort out.

4